NORTH *vs.* McDONALD.

In an action to recover damages for a trespass done by hogs, all that the plaintiff can recover is the actual damages for the trespass. He can not shut the hogs up and recover, in the same action, pay for their keeping.

APPEAL from a judgment of the Livingston county court, reversing the judgment of a justice of the peace. The complaint, in the action before the justice, was in trespress, to recover one dollar damages for an injury done by the hogs of the defendant to the plaintiff's crops, and for "one other dollar laid out and expended by the plaintiff, by reason of the premises, in the taking care of, and feeding said hogs." The answer was a general denial. Upon the trial, the plaintiff gave evidence tending to prove that certain stray hogs had entered his sixty acre wheat lot, and that the plaintiff had caused these hogs to be shut up in his pen, where he kept them two or three weeks. The plaintiff was examined as a witness in his own behalf, and was asked what, or about what, it was worth per week to keep the hogs, in the manner they were kept. This question was objected to, but was allowed to be answered. The jury found a verdict for the plaintiff for two dollars, the amount claimed in the complaint, for which sum, with costs, the justice rendered judgment.

North *v.* McDonald.

*Scott Lord,* for the appellant.

*Geo. F. Danforth,* for the respondent.

*By the Court,* WELLES, J. The justice erred in receiving evidence of what it was worth to keep the hogs after he had taken them. That was no legal element of damages which the plaintiff had the right to recover in an action for the trespass. The law had furnished him a full remedy for such keeping, if he had chosen to avail himself of it, (*chap.* 286, *Sess. L. of* 1861, *pp.* 658, 659 ;) instead of which he resorted to the common law action of trespass. This he had the right to do, but in that case all that he could lawfully recover would be the actual damages for the trespass of the hogs. He had no right to keep the hogs in his possession indefinitely and then recover for their keeping. It can not be claimed on the part of the plaintiff that he has pursued the directions of any law, statute or common, authorizing distress taken *damage feasant.* By shutting up the hogs in his own pen and keeping them there, as detailed by the evidence, he became a trespasser *ab initio.* It was his own voluntary act without the knowledge or consent of the defendant. Assuming that the verdict is no larger than the evidence shows the damages for the trespass of the hogs really was, it is impossible for us to say whether it was not all, or some part of it, for the keeping of the hogs.

The judgment of the county court, reversing that of the justice, should be affirmed.

Ordered accordingly.

[MONROE GENERAL TERM, March 4, 1867. *Welles, E. D. Smith* and *Johnson,* Justices.]